

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 17, 1962

*Lee 0-4798*
*affirms) 0-697*
*0-2687*
*WW-1295*

Honorable Jerry Dellana
County Attorney
Travis County Courthouse
Austin, Texas

Opinion No. WW-1442

Re: Whether a person may hold
the position of Tax Assessor
and Collector of an independ-
ent school district and at
the same time hold such
position in a county water
control and improvement
district and related questions.

Dear Mr. Dellana:

Your request for opinion from this office reads in part as follows:

"The Eanes Independent School District col-
lects its own taxes and has employed a Tax
Assessor-Collector, who also is employed as a
Business Manager of the Eanes Independent School
District. This same Tax Assessor-Collector also
serves as Assessor and Collector of taxes of the
Travis County Water Control and Improvement Dis-
trict No. 10. Such employee does not reside in
the Eanes Independent School District."

"On March 3, 1959, Logan Cummings was hired
by both the Eanes Independent School District and
Travis County Water Control and Improvement Dis-
trict No. 10 as their joint Tax Assessor Collector.

"That he assumed the duties of both offices
on March 3, 1959.

"That all 1960 Tax Notices of both districts
were signed by Logan Cummings.

"That Logan Cummings continues to this date
to hold both offices.

"That it is the understanding of this Trustee
that Logan Cummings has received a salary during
this period from (1) Texas Education Agency (2)
Eanes Independent School District (3) Travis

County Water Control and Improvement District No. 10."

"1. Is the above mentioned employee inhibited by Art. 16, Sec. 40, of the Texas Constitution or any other provision of the Constitution or statutes from holding the following:

"(a) The position of Tax Assessor and Collector of Eanes Independent School District and Travis County Water Control and Improvement District No. 10 at the same time?

"(b) The position of Tax Assessor and Collector of taxes of Eanes Independent School District and Business Manager of Eanes Independent School District at the same time?

"(c) The position of Tax Assessor and Collector of Eanes School District, Business Manager and 'Acting Superintendent' at the same time?

"2. Does the law require the Assessor and Collector of taxes for Eanes Independent School District to live within the Eanes Independent School District as a qualification to hold the office?"

Section 40 of Article XVI of the Constitution of Texas states as follows:

"Holding more than office; exceptions; right to vote

"Sec. 40. No person shall hold or exercise, at the same time, more than one <u>Civil Office of emolument</u>, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, unless otherwise specially provided herein. Provided

that nothing in this Constitution shall be con-
strued to prohibit an officer or enlisted man of
the National Guard, and the National Guard Re-
serve, or an officer in the Officers Reserve Corps
of the United States, or an enlisted man in the
Organized Reserves of the United States, or re-
tired officers of the United States Army, Navy,
and Marine Corps, and retired warrant officers,
and retired enlisted men of the United States
Army, Navy, and Marine Corps, from holding in
conjunction with such office any other office or
position of honor, trust or profit, under this
State or the United States, or from voting at any
Election; General, Special or Primary, in this
State when otherwise qualified." (Emphasis added)

As to your question 1 (a), numerous opinions from this
office have held that the positions of Tax Assessor and Collector
of a county, independent school district, or of a conservation
district are all civil offices of emolument. Attorney General
Opinions Nos. O-697 (1939), O-2687 (1940), and WW-1295 (1962).
Pruitt v. Glen Rose Independent School District, 126 Tex. 45, 84
S.W.2d 1004 (1935). We hereby reaffirm these holdings and also
hold that a county water control and improvement district is a
separate governmental authority and similar to a conservation and
reclamation district, and that therefore two separate offices of
emolument are involved. It is therefore a violation of Section
40 of Article XVI for the same person to hold both offices in
question.

We requested specific information as to when the man in
question assumed the duties of one office, and when he assumed
the duties of the other. Your reply then stated "On March 3,
1959, Logan Cummings was hired by both. . ." Although he was
hired by both on the same day, he must have made his bond for one
district first, or done some act which indicated his assumption
of the duties of one office before the other. We quote from
Pruitt v. Glen Rose Independent School District, supra, at page
1007:

"The text, 34 Tex.Jur. 354, § 19, summarizes
the rule thus: 'Having elected to accept and
qualify for the second office, ipso facto and as
a matter of law, he vacates the first office.
This is true, where both offices are places of
emolument, regardless of whether they are in-
compatible, and if they are incompatible there

is a vacation of the first office regardless of whether both are offices of emolument within the meaning of the Constitution. In such circumstances the constitutional provision that all officers shall continue to perform the duties of their offices until a successor has been qualified does not apply.'" (Emphasis added)

The question as to which office has been vacated depends on which office he assumed last. Since the Attorney General's office does not determine questions of fact, we cannot decide this question, but do hold that under the facts submitted and the holding of the Pruitt case, that there has been a vacation by operation of law of the office first assumed, in which case the officeholder validly holds the second office.

Your question 1. (b.) presents a slightly different situation. There the problem concerns the same person's acting as tax assessor-collector and also as business manager of the same independent school district. Heretofore such a question has not been before this office.

Texas Jurisprudence defines an office as follows:

"'Office' embraces the ideas of tenure, duration, emolument, and duties. Among the criteria for determining whether an employment is a public office are the following: the delegation of a portion of the sovereign functions of the government; the requirement of an official oath; that the powers entrusted are conferred by law and not by contract; and the fixing of the duration or term of office. It is the duty pertaining to the office and the nature of that duty, and not the extent of authority which makes the incumbent an officer; and one is none the less an officer because his authority is confined to narrow limits." 34 Tex.Jur. 323.

A consideration of the position of business manager of an independent school district leads us to the conclusion that such position is not a "Civil Office of emolument" as that phrase is used in the Constitution. Article 2791 of Vernon's Civil Statutes provides for the specific position of tax assessor and collector, and we find no law or any other authority giving rise to the position of business manager although the trustees may create the position if they deem it necessary. In addition the duties of such an employee are fixed by contract and not conferred

by law. It is also significant that such employee ordinarily serves at the discretion of the trustees, and that therefore no specific term of office is involved.

Since the position of business manager is not a "Civil Office of emolument," it follows that one serving as tax assessor-collector may also serve as business manager. Aside from the constitutional prohibition of holding two civil offices at the same time, we find no incompatibility resulting when one person performs both functions within the same district.

Many opinions from this office have heretofore held, as with tax assessor-collectors discussed above, that a super-intendent of an independent school district holds a "civil office of emolument." Opinions Nos. O-7323 (1946), V-1244 (1951). It therefore follows that it is unconstitutional for the same person to be tax assessor-collector and superintendent or "acting superintendent" of an independent school district at the same time.

Opinion No. WW-1412 (1962) properly disposes of your question No. 2, which opinion held as follows:

> "The tax assessor and collector of an independent school district is not a 'civil officer' within the contemplation of Section 14 of Article XVI of the Constitution of Texas and would not have to reside within the territorial confines of such school district."

This holding was based on the case of Aldine Independent School District v. Standley, 154 Tex. 547, 280 S.W.2d 578 (1955).

## SUMMARY

The positions of tax assessor-collector of an independent school district or of a water control and improvement district, the superintendent or acting superintendent of an independent school district are all civil offices of emolument, and it is a violation of Section 40 of Article XVI of the Constitution for one person to hold two or more of such offices.

The position of business manager of an independent school district is not a civil office of emolument, and therefore a person holding such position may also

hold any civil office of emolument in addition thereto.

The tax assessor-collector of an independent school district is not an officer of such district, and need not reside within the boundaries of that district.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Fred D. Ward
Fred D. Ward
Assistant

FDW:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Arthur Sandlin
John Reeves
Bill Allen

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore